UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:03-cr-29-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIMOTHY MASSEY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Timothy Massey's pro se "Motion for Verification that the Term of Imprisonment Imposed in Cases 1:03-cr-146-1 and 3:03-cr-29-1 Were Ordered to Run Concurrent."

Defendant appears to be challenging the Bureau of Prison's ("BOP") calculation of his sentence and more specifically, its alleged failure to give him credit for certain time served or over served, which he contends amounted to 4 months and 24 days "over served on cases 1:03cr-146-1 and 3:03cr29-1." (Doc. No. 99 at 1). Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

To the extent that the motion merely seeks a verification of a prior judgment of this Court, the Court notes that, this Court notes that the Judgment in 3:03cr29-1 in this Court states that defendant was sentenced to 12 months on Counts One and Three, and to 84 months on Count Two, to run consecutively with Counts One and Three. The judgment further states that "[t]he sentence imposed in this case is to run concurrently with the sentence imposed in 1:03cr146-1." (Crim. Case No. 3:03cr29 (W.D.N.C.), Doc. No. 55).

-1-

To the extent that the motion challenges the computation of a sentence, it must be brought in the district of confinement, not the sentencing district. See United States v. Miller, 871 F.2d 488 (4th Cir. 1989). As the Miller panel noted:

> A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. *See United States v. Brown,* 753 F.2d 455 (5th Cir. 1985).

Miller, 871 F.2d at 490 (emphasis added).

Calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the BOP) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.

If Defendant is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a § 2241 petition in the district of confinement. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, an inmate may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the pending motion (#99) is **GRANTED**, in that the Court has verified the language in the Judgement in Criminal Case No. 3:03cr29-1.

Signed: October 8, 2019